**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MERCE BAROCIO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. CIV-05-1259-HE |
| ) | |
| JUSTIN JONES, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Valerie K. Couch who issued her Report and Recommendation, recommending that the petition be denied. In particular, Judge Couch determined that a discretionary reduction in petitioner's earned credit level did not implicate due process considerations. Judge Couch further recommended that petitioner's motion to supplement [Doc. #17] be granted "but only to the extent the information contained therein has been considered by the Court in reviewing petitioner's request for habeas corpus relief pursuant to 28 U.S.C. § 2241." R&R, p. 13. The matter is currently before the court on petitioner's objection to the Report and Recommendation.[1]

---

[1] *Because petitioner has objected to the Report and Recommendation, the matter is reviewed de novo. 28 U.S.C. § 636(b)(1)(C).*

1

Having considered the matter de novo, the court concurs with Judge Couch's conclusion that petitioner is not entitled to habeas corpus relief. As noted by Judge Couch, petitioner's case is distinguishable from <u>Wilson v. Jones</u>, 430 F.3d 1113 (10th Cir. 2005), in that respondent's decision to demote petitioner was not made automatically, mandatorily or without discretion.[2]  Accordingly, the Report and Recommendation is **ADOPTED** in its entirety. Petitioner's motion to supplement is **GRANTED** for the limited purpose set forth in the Report and Recommendation and petitioner's petition for writ of habeas corpus pursuant to § 2241 is **DENIED**.

   **IT IS SO ORDERED**.

   Dated this 14th day of August, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2] In <u>Wilson</u>, the court held that a liberty interest was implicated when petitioner was "automatically demoted from a level-four credit earning classification to level one" for a Class X misconduct and was "prohibited . . . from being considered for a promotion beyond level two for a period of two years." <u>Wilson</u>, 430 F.3d at 1120-21.